**James A. CROMER, Appellee,**

v.

**CONSUMER SERVICES AGENCY, and Roger K. Smith, Individually, Appellants,**

**and**

**Combined Underwriters Life Insurance Company and Jimmy C. Bowen, Individually, Defendants.**

**No. 83678.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 1, 1995.

F. Andrew Fugitt, Oklahoma City, for appellants.

Tom M. Cummings, Oklahoma City, for appellee.

HANSEN, Judge:

Appellants, Roger K. Smith (Smith) and Consumer Services Agency, seek review of the trial court's judgment, entered on a jury verdict, awarding Appellee, James A. Cromer (Cromer), damages on claims of breach of contract and breach of the covenant of good faith and fair dealing, and also awarding punitive damages.

In his *Petition* initiating this action, Cromer alleged he had entered into an employment contract with Appellants and defendant, Jimmy C. Bowen (Bowen), whereby Cromer would act as agent for the sale of life and health insurance policies issued by defendant, Combined Underwriters Life Insurance Company (Combined). Smith and Bowen were named as principals of Consumer Services Agency and general agents of Combined.

The record contains a *Suggestion of Death Upon the Record* reflecting that Bowen died during the pendency of this action. The record further reflects Cromer subsequently dismissed Combined from the action with prejudice, but with the express reservation that the "instrument shall not be deemed to dismiss Plaintiff's claim against Consumer Services Agency, Roger K. Smith, Individually or Jimmy C. Bowen, Individually".

After a jury trial, at which the jury returned general verdicts for actual and punitive damages, the trial court memorialized its judgment with a *Journal Entry of Judgment* showing Smith as the only defendant, and, with one exception, referring to the "Defen-

dant" singularly. However, the *Petition in Error* shows both Smith and Consumer Services Agency as Appellants, and the statement of the case specifically refers to Consumer Services Agency as an appellant.

Because it appeared the trial court's judgment did not adjudicate the rights and liabilities of all the parties, nor did it contain the express determination and direction as required by 12 O.S.Supp.1993 § 994,[1] this Court issued an *Order* directing Appellants to show cause why this matter should not be dismissed as premature. Adjudication of all claims and resolution of all rights and liabilities of all parties to those claims is the *sine qua non* of an appealable event, unless there has been the express judicial determination and direction in accordance with § 994. *Rodgers v. Higgins,* 871 P.2d 398 (Okla.1993).

This Court's *Order* noted not only the judgment's apparent failure to adjudicate Cromer's claims against Consumer Services Agency, but that the record did not reflect the trial court's disposition of any claims against Bowen's estate which may have survived his death.

Appellants, through counsel, requested an extension of time in which to reply to this Court's *Order.* In support of Appellants'

request, counsel stated he needed additional time to locate his former client, having withdrawn as counsel in the trial court, but not on appeal. This Court granted the extension of time as requested, until July 13, 1994, with the admonition that failure to comply by that date would subject the appeal to dismissal without further action.

Appellants have neither complied with this Court's show cause order, nor requested further extension of time in which to comply. Failure to respond to a show cause order is itself grounds for deeming an appeal abandoned. *Smith v. Smith,* 463 P.2d 971 (Okla. 1969). Accordingly, this appeal is DISMISSED, without prejudice to refiling upon final adjudication or compliance with 12 O.S.Supp.1993 § 994.

DISMISSED.

HUNTER, P.J., and ADAMS, J., concur.

---

1. 12 O.S.Supp.1993 § 994(A) provides:
   ... when multiple parties are involved, the court may direct the preparation and filing of a final judgment or decree as to one or more but fewer than all of the claims or parties *only* upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment or decree. (emphasis added).